IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| REGGIE DONNELL SAUNDERS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 3:19CV946–HEH |
| HAROLD W. CLARKE, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM OPINION**
(Denying § 2254 Petition)

Reggie D. Saunders, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his conviction in the Circuit Court of the City of Virginia Beach, Virginia (hereinafter, "Circuit Court"). His § 2254 Petition form lists two grounds and he labels the second, "Procedural Due Process." (*See* ECF No. 1 at 6.) However, upon the Court's review of the § 2254 Petition, it appears that Saunders truly only raises one claim for relief. Saunders argues entitlement to relief based upon the following:

> Claim One: Counsel rendered ineffective assistance when he "fail[ed] to raise an objection to a clear and indisputable error" in Saunders's presentence report which "prejudiced the outcome of his sentence." (*Id.* at 5.) Counsel failed to object to the error in the presentence report that stated, "that he was found guilty of two [possession with intent to distribute]" counts and had counsel addressed the error, Saunders would have received a lower sentence. (ECF No. 1–1 at 5.)

Respondent moves to dismiss on the ground that Saunders's claim is procedurally defaulted and barred from review here, and, in the alternative, lacks merit. Despite the provision of *Roseboro* notice, and receiving an extension of time on June 16, 2020,

Saunders has not filed a response. For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be granted.

## I. PROCEDURAL HISTORY

Saunders's claim as alleged is difficult to follow. The Court of Appeals of Virginia aptly summarized the procedural history in the Circuit Court prior to Saunders's appeal and its opinion helps provide some context for his claim here:

> On July 2, 2015, detectives with the City of Virginia Beach Police Department observed the appellant engage in what appeared to be a series of drug transactions. When the police approached the appellant as he sat in the car, they saw two bags of pills in his lap and found an additional bag of pills in his pocket. After being advised of his rights, the appellant admitted that he was selling prescription medications.
> Subsequently, an indictment was issued charging the appellant with possession of oxycodone with intent to distribute in violation of Code § 18.2–248. The single indictment contained two generic, identically worded counts. The appellant agreed to plead guilty to both offenses. The parties stipulated to the discovery of the three bags of pills in the appellant's lap and in his pocket. The certificate of analysis reflected that one of the bags contained oxycodone, the second bag contained a mixture of oxycodone and acetaminophen, and the third contained alprazolam.
> The appellant was convicted of both counts of possessing oxycodone with intent to distribute. He was also convicted of distributing alprazolam and distributing a controlled substance within 1000 feet of a school.[1] All convictions were based upon the appellant's guilty pleas.
> The circuit court sentenced the appellant to sixteen years in prison for each count of possession of oxycodone with intent to distribute. He was sentenced to five years in prison for distribution of alprazolam and an additional five years for distribution of a controlled substance within 1000 feet of a school. The court ordered all sentences to run concurrently. It stated that the "total sentence imposed is [sixteen] years," and it suspended "all but [eight] years."

## II. ANALYSIS

Both parties agree that the appellant's conviction and sentence for two counts of possession of oxycodone with intent to distribute violates the constitutional prohibition against double jeopardy on the facts of this case.

---

[1] The appellant does not challenge these two convictions on appeal.

...
...

They disagree, however, regarding the proper remedy for the double jeopardy violation.

Under settled principles, an appellate court may not accept even formal concessions of law without independently confirming their correctness.[2] *Logan v. Commonwealth*, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*); *see Jones v. Commonwealth*, 293 Va. 29, 59 n.27, 795 S.E.2d 705, 723 n.27, *cert. denied*, 86 U.S.L.W. 3149 (U.S. Oct. 2, 2017) (No. 16–1337). Consequently, even though the parties agree that a double jeopardy violation occurred, we examine both the double jeopardy issue and the appropriate remedy.

### A. Standard of Review

The appellate court reviews *de novo* a claim that multiple punishments have been imposed for the same offense in violation of the Double Jeopardy Clause. *Lawlor v. Commonwealth*, 285 Va. 187, 227, 738 S.E.2d 847, 870 (2013). The same *de novo* standard applies to review of determinations involving the interpretation of mandatory and discretionary sentencing statutes. *See Woodard v. Commonwealth*, 287 Va. 276, 280, 754 S.E.2d 309, 311 (2014).

### B. Double Jeopardy Violation

The Fifth Amendment of the United States Constitution protects a defendant against double jeopardy. *See, e.g., Payne v. Commonwealth*, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999). "In a single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the [circuit] court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Blythe v. Commonwealth*, 222 Va. 722, 725, 284 S.E.2d 796, 798 (1981) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)), *quoted with approval in Johnson v. Commonwealth*, 292 Va. 738, 741, 793 S.E.2d 321, 322–23 (2016). In this context, "the same offense" can include multiple counts of identical offenses arising from the same facts as well as convictions for a greater offense and a lesser-included offense that arise out of the same facts. *See, e.g., Commonwealth v. Hudgins*, 269 Va. 602, 605, 611 S.E.2d 362, 364 (2005).

The appellant argues that in the context of the facts of this case, his conviction and sentence for two counts of possession with intent to distribute violates the prohibition against double jeopardy. The Commonwealth

---

[2] Nevertheless, such concession of law, made in this case by both the Commonwealth's Attorney and the Attorney General, embody the ethical duties expected of legal advocates for the Commonwealth and are held in high esteem. *See, e.g., Stephens v. Commonwealth*, 274 Va. 157, 161, 645 S.E.2d 276, 277 (2007) (recognizing the appropriateness of a concession by the Commonwealth); *Jones v. Commonwealth*, 28 Va. App. 44, 447, 506 S.E.2d 27, 29 (1998) (noting the Attorney General's "candid[] conce[ssion]" on a point of law); *see also* Va. R. of Prof'l Conduct 3.3 ("Candor Toward The Tribunal"). The Court appreciates the candor of both counsel for the Commonwealth.

candidly agrees. The Commonwealth also takes the position that the appellant did not waive his right to assert the double jeopardy challenge by pleading guilty. Our independent analysis leads us to the same conclusion.

. . . .

Under United States Supreme Court precedent, a double jeopardy claim survives a guilty plea if it is obvious from the "indictment[] and the existing record" that the second offense "'is one [that] the State may not constitutionally prosecute.'" *United States v. Broce*, 488 U.S. 563, 575–76 (1989) (quoting *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (*per curiam*)); *see United States v. Brown*, 155 F.3d 431, 434 (4th Cir. 1998); *see also Broce*, 488 U.S. at 575 ("[W]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, . . . a conviction on that charge [must] be set aside even if the conviction was entered pursuant to a counseled plea of guilty.") (quoting *Menna*, 423 U.S. at 62)). In the context of cases involving both multiple prosecutions and multiple punishments rendered in a single prosecution, a guilty plea does not bar a challenge on double jeopardy grounds where "the claim is that the [Commonwealth] may not convict [the defendant] no matter how validly his factual guilt is established." *Menna*, 423 U.S. at 62 n.2; *see Kaiser v. United States*, 489 U.S. 1002 (1989) (vacating and remanding in light of *Broce* in a case involving multiple punishments in a single prosecution in which the Court of Appeals had held that no double jeopardy violation occurred), *on remand*, 893 F.2d 1300, 1302–03, 1306–07 (11th Cir. 1990) (applying *Broce* and *Menna* to hold that a double jeopardy violation occurred in the single prosecution).

In the case of multiple convictions for possession of the same controlled substance, case law holds that multiple punishments for such convictions violate the Double Jeopardy Clause if the acts of possession are not "sufficiently differentiated by time, location, or intended purpose." *Peake v. Commonwealth*, 46 Va. App. 35, 41, 614 S.E.2d 672, 676 (2005) (quoting *Commonwealth v. Rabb*, 725 N.E.2d 1036, 1043 (Mass. 2000)). In *Lane v. Commonwealth*, 51 Va. App. 565, 659 S.E.2d 553 (2008), for example, police approached the defendant outside his residence near the attached garage. *Id.* at 569, 659 S.E.2d at 554–55. They found two different bags of oxycodone tablets in different pockets of the clothing he was wearing and a bottle of liquid oxycodone in the garage. *Id.* On these facts, the Court held that the defendant could be convicted and punished for only one count of possession with intent to distribute oxycodone because the evidence established only a single general intent with regard to the different containers of the illegal drug. *Id.* at 578-82, 659 S.E.2d at 559–61.

In the appellant's case, counts one and two of the indictment contain generic, identically worded language charging him with possession of oxycodone with the intent to distribute it. Other than naming the appellant, the substance, and the date of the offense, each count recites only the

4

language of the statute. The stipulation of facts and attachments reflect only that the appellant was found with two bags of oxycodone in his physical possession and that he admitted that he was selling prescription medications. Thus, in the appellant's case, like in *Lane*, the evidence does not differentiate between the two bags of oxycodone by time, location, or intended purpose. *Id.* As a result, the face of the record makes clear that a second offense did not occur and that the appellant's conviction and sentence for the second count of possession with intent to distribute violates double jeopardy principles. *See Ali*, 280 Va. at 669–71, 701 S.E.2d at 67–68. In the face of this clear, substantial, and material error, the ends of justice exception to Rule 5A:18 applies, and the appellant's entry of guilty pleas does not constitute a waiver of his right to challenge the clear double jeopardy violation. *See Broce*, 488 U.S. at 575–76; *Menna*, 423 U.S. at 62 n.2.

C. Proper Remedy

The parties disagree over the proper remedy to be applied in this case. The appellant argues that he is entitled, at a minimum, to have one conviction vacated and the other remanded for resentencing. He suggests that his prior sentence was based on a sentencing guidelines calculation that is no longer accurate and that his having been "sentenc[ed] on overstated, higher-than-proper guidelines" resulted in "a violation of his constitutional right to 'fundamental fairness' under the Fourteenth Amendment."

In the case of multiple convictions and punishments for "the same offense" in violation of the constitutional prohibition against double jeopardy, "the excess conviction[] . . . and the related sentence[] [must be] vacated" while the original or primary "conviction and sentence" are "le[ft] in place." *See Buchanan v. Commonwealth*, 238 Va. 389, 415, 384 S.E.2d 757, 772–73 (1989) (citing *Morris v. Commonwealth*, 228 Va. 206, 209, 321 S.E.2d 633, 634–35 (1984)). In a case in which a defendant is convicted of a lesser-included offense and a greater offense in a single trial, the proper remedy is to vacate the conviction and sentence for the lesser-included offense. *See id.* at 415, 384 S.E.2d at 772; *cf. Clagett v. Commonwealth*, 252 Va. 79, 95–96, 472 S.E.2d 263, 272–73 (1996) (citing *Buchanan* to vacate a conviction for capital murder based on multiple homicides, which the Court characterized as being "of equal magnitude" but "derivative" of several convictions for capital murder during the commission of robbery). Where the convictions rendered in a single proceeding are for identical offenses with identical punishments, it makes no difference which conviction and sentence are vacated. *Cf. Clagett*, 252 Va. at 95–96, 472 S.E.2d at 272; *Buchanan*, 238 Va. at 415, 384 S.E.2d at 772–73.

In this case, the convictions are for identical offenses, but due to the language of the sentencing order, we are unable to discern from the record, because of the way the suspended time was pronounced, whether the punishments are identical. The final order sentenced the appellant to sixteen years in prison for each count of possessing oxycodone with the intent to

distribute it. It also sentenced him to five years in prison for distribution of alprazolam and an additional five years for distribution of a controlled substance within 1000 feet of a school. It then provided that all the sentences would run concurrently and suspended "all but [eight] years." The order does not explain whether or, if so, how the suspended time was apportioned among the various sentences. In keeping with the principles set out above, the manner of apportionment of the suspended time may impact which conviction should be vacated. *See Buchanan*, 238 Va. at 415, 384 S.E.2d at 772. Accordingly, we remand to the circuit court for clarification of the action it took at sentencing with regard to this suspended time. *See* Code § 8.01–428(B); *Tatum v. Commonwealth*, 17 Va. App. 585, 592–93, 440 S.E.2d 133, 138 (1994). We note that the court's authority is limited to correcting the record to reflect "'judicial action *which has actually been taken* . . . at the proper time,'" as opposed to action "[the court] *might have [taken]*" but did not. *Davis v. Mullins*, 251 Va. 141, 149-50, 466 S.E.2d 90, 94 (1996) (emphasis added) (quoting *Council v. Commonwealth*, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)). The circuit court should then apply the legal principles set out above to vacate the appropriate duplicate conviction and related sentence.

Regarding whether the appellant is entitled on remand to resentencing on the remaining conviction due to the impact that vacating the second conviction and sentence would have on the related sentencing guidelines calculation, the decision in *Woodward v. Commonwealth*, 287 Va. 276, 754 S.E.2d 309 (2014), dictates that the appellant is not entitled to be resentenced.

The defendant in *Woodward* was convicted of the felony sale of a controlled substance, felony possession of a controlled substance with intent to distribute it, and felony murder resulting from the death of the person to whom the defendant sold the controlled substance. *Id.* at 728, 754 S.E.2d at 310. The parties disputed the proper way to calculate the sentencing guidelines for the offenses. *Id.* The defendant argued that they should be based on the felony sale as the primary offense. *Id.* at 278, 754 S.E.2d at 310–11. The Commonwealth asserted that the felony murder conviction should be primary. *Id.* at 278, 754 S.E. 2d at 311. The trial court pronounced a sentence that fell in the range between the two calculations. *Id.* at 279, 754 S.E.2d at 311.

The defendant successfully challenged the felony murder conviction on appeal. *Id.* He argued that, as a result, he was entitled to a remand for resentencing for the remaining convictions because, on remand, "the sentencing guidelines w[ould] be different than during the first sentencing hearing." *Id.* at 281, 754 S.E.2d at 312. The Supreme Court of Virginia disagreed, holding that the defendant was not entitled to remand for resentencing on the remaining convictions despite the reversal of his felony murder conviction. *Id.* at 281–82, 754 S.E.2d at 312–13. The Supreme Court pointed to the fact that the sentencing guidelines are "discretionary" rather

6

> than "mandatory." *Id.* at 281, 754 S.E.2d at 312 (quoting *West v. Dir. of the Dep't of Corr.*, 273 Va. 56, 65, 639 S.E.2d 190, 196 (2007)). It reasoned that, by definition, no prejudice could exist because the statutory scheme expressly provides that the manner of application of the guidelines or the failure to follow them "shall not be reviewable on appeal" or serve as "the basis of any other post-conviction relief." *Id.* at 281–82 & n.2, 754 S.E.2d at 312 & n.2 (quoting Code § 192.–298.01(F)). The Court concluded that the defendant was "not entitled to seek relief through a new sentencing proceeding because of the fact that the sentencing guidelines with a felony murder conviction would be different than the sentencing guidelines without a felony murder conviction." *Id.* at 282, 754 S.E.2d at 312. *Compare id.* at 281–82, 754 S.E.2d at 312–13 (addressing the wholly discretionary sentencing guidelines), with *Graves v. Commonwealth*, . . . 2017 Va. LEXIS 146, at *15 (2017) (addressing mandatory, statutorily prescribed sentencing ranges and holding that in the case of a sentence fixed in violation of a mandatory range, the defendant is entitled to a new sentencing hearing unless "only [one] sentence [is] available.").
>
> In this case, like in *Woodard*, the appellant is not entitled to a new sentencing proceeding simply because the discretionary sentencing guidelines calculations that result from including two convictions for possession with the intent to distribute oxycodone would be different than the guidelines calculations resulting from the inclusion of only one such conviction.
>
> ### III. CONCLUSION
>
> We hold that the appellant's conviction and sentence for two counts of possession of oxycodone with intent to distribute it violated the prohibition against double jeopardy. Based on the record before us, however, we are unable to determine which conviction and related sentence should be vacated. Consequently, we remand to the trial court with instructions only to clarify how much active and suspended time it imposed on the appellant's convictions for possession of oxycodone with the intent to distribute it and to vacate one of the two convictions and the corresponding sentence based on the legal principles set out in this opinion.

(ECF No. 17–3 at 2–11 (alterations in original) (first and fifth omission added).) After the Court of Appeals of Virginia reversed in part and remanded, the Supreme Court of Virginia refused Saunders's petition for appeal. (*See* ECF No. 1 at 2.)

On October 25, 2018, the Circuit Court entered an amended Sentencing Order dismissing one count of possession with intent to distribute oxycodone and resentenced

7

Saunders to sixteen years of incarceration on the remaining possession with intent to distribute oxycodone count, but again, "suspend[ed] all but 8 years of the sentence." (ECF No. 17–1 at 1 (capitalization altered).)

On September 17, 2018, Saunders filed a petition for writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Saunders v. Clarke*, No. CL18-4359 (Va. Cir. Ct. Sept. 17, 2018). In his state habeas petition, Saunders raised claims that are not related to Claim One in the present § 2254 Petition.[3] On December 6, 2018, the Circuit Court denied Saunders's petition for writ of habeas corpus. (ECF No. 17–4 at 12.) In his petition for appeal, Saunders vaguely alleged that "the trial court erred and abused its discretion by dismissing Saunders's ineffective assistance of counsel claim." Petition for Appeal at 9, *Saunders v. Clarke*, No. 190284 (Va. Mar. 5, 2019.) The Supreme Court of Virginia denied Saunders's petition for appeal. *Saunders*, No. 190284, at 1 (Va. Oct. 16, 2019).

---

[3] Saunders' sole ineffective assistance of counsel claim related to double jeopardy in his state habeas petition was as follows:

> GROUND THREE: The Petitioner received constitutionally deficient assistance of counsel where trial counsel failed to object to the clear and present double jeopardy violation and move to suppress the inadmissible [certificate of analysis] and where there was no reasonable basis for counsel's failure and where the Petitioner was prejudiced as a result.

Petition for Writ of Habeas Corpus at 5. This claim appears to have related to the description of the drugs in the certificate of analysis, and not any challenge to his presentence report. (*See* ECF No. 17–4 at 9–12.)

8

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and Congress' determination that federal habeas laws should require "exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the [s]tate . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the [s]tate with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the

9

claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994). The United States Court of Appeals for the Fourth Circuit has summed up a petitioner's burden in this regard as follows:

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

*Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement

would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654 (A) (1) (West 2020). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05CV00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

11

### B. Saunders's Claim is Defaulted

Saunders indicates that he raised Claim One in the Supreme Court of Virginia. (ECF No. 1 at 6–8.) The Court fails to discern that Saunders raised anything close to Claim One in the state courts. If Saunders now attempted to raise this claim in the Supreme Court of Virginia in a habeas petition, that habeas petition would be barred as successive pursuant to section 8.01–654(B)(2) of the Virginia Code,[5] and as untimely pursuant to section 8.01–654(A)(2) of the Virginia Code.[6] Virginia's statute of limitations for habeas actions and the bar on successive habeas petitions are adequate and independent procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Sparrow*, 439 F. Supp. 2d at 587–88. Accordingly, Saunders's claim is defaulted and barred from review here. However, even if the Court were to construe Saunders's claim as properly exhausted, it clearly lacks merit.

---

[5] This statute provides, in relevant part:

> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code Ann. § 8.01–654(B)(2) (2020).

[6] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (2020).

### C. Saunders's Claim Lacks Merit

Saunders faults counsel for failing to object to an alleged error in his presentence report that indicated that he was convicted of two charges of possession with intent to distribute oxycodone. Saunders contends that he received a greater sentence as a result of counsel's failure to object to this alleged error. As a preliminary matter, this allegation is terse and conclusory and fails to demonstrate any entitlement to habeas relief. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). For this reason alone, Claim One will be dismissed.

Moreover, to the extent that Saunders faults counsel for failing to object to the presentence report's recitation that he was convicted of two charges of possession with intent to distribute oxycodone, he fails to demonstrate any deficiency of counsel or resulting prejudice. First, at the time of the initial sentencing, the presentence report properly reflected two convictions for possession with intent to distribute oxycodone. Saunders explicitly pled guilty and was convicted of two such counts. Thus, a recitation in the presentence report that Saunders was convicted of two counts of possession with intent to distribute oxycodone would have been a correct statement of his convictions at that time. Counsel cannot be faulted for failing to raise an objection to a correct statement of his convictions.

Second, even generously construing Saunders to argue that counsel should have known that it was a double jeopardy violation for Saunders to be convicted of two counts at the time of the first sentencing, and that, consequently, counsel was deficient for

13

failing to object to the recitation of both convictions in the presentence report, Saunders fails to establish any prejudice. On appeal, the Court of Appeals of Virginia found that it was double jeopardy for Saunders to be convicted of two possession with intent to distribute oxycodone counts. Accordingly, on remand, the Circuit Court vacated one of the convictions and its corresponding sixteen-year sentence. Thus, neither the inclusion of both convictions in the presentence report, nor counsel's failure to object to the inclusion, prejudiced Saunders.

Finally, Saunders would have received the same sentence even if the presentence report recited that Saunders had two convictions for possession with intent to distribute oxycodone. As the record reflects, at sentencing, the Circuit Court initially only sentenced Saunders for one of these convictions. The Clerk informed the Circuit Court that it had mistakenly only sentenced Saunders on one of the two possession with intent to distribute counts and the Circuit Court indicated that it "forgot there were two counts." (Apr. 16, 2016 Tr. 12.) Saunders was brought back into the courtroom where the Circuit Court explained to him that it forgot to impose a sentence for the second count. (Apr. 16, 2016 Tr. 12.) The Circuit Court imposed the same sixteen-year sentence for the second count and noted that it would run concurrent so "it's the same amount of time." (Apr. 16, 2012 Tr. 12.)

Thus, to the extent that Saunders faults counsel for failing to object to the inclusion of both possession with intent to distribute counts in the presentence report, he fails to demonstrate that he suffered any prejudice. Quite simply, Saunders fails to demonstrate that, if counsel had objected to the inclusion of two counts in the presentence

14

report, he would have received a lower sentence. Accordingly, Claim One lacks merit and will be dismissed.[7]

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be granted. Saunders's claim will be dismissed, and his § 2254 Petition will be denied. The action will be dismissed. A certificate of appealability also will be denied.[8]

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Dec. 14, 2020
Richmond, Virginia

---

[7] To the extent Saunders has alleged a double jeopardy violation or ineffective assistance of counsel claim in his § 2254 Petition, these claims lack merit. As explained by the Circuit Court in rejecting these claims in his state habeas petition, Saunders was granted all relief available to him by the Circuit Court on remand from the Court of Appeals of Virginia, when the Circuit Court vacated one of the two possession with intent to distribute oxycodone counts, and he failed to demonstrate any prejudice. (ECF No. 17–4 at 9–10.)

[8] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not be issued unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Saunders fails to meet this standard.

15